# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

**ROBERT B.,**[1]

         Plaintiff,

           Civ. No. 3:18-cv-02174-CL

   v.

           **OPINION & ORDER**

**COMMISSIONER OF SOCIAL
SECURITY,**

         Defendant.

CLARKE, Magistrate Judge:

Plaintiff Robert B. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying benefits. All parties have consented to magistrate judge jurisdiction in this case. ECF No. 4. The decision of the Commissioner is AFFIRMED and this case is DISMISSED.

## BACKGROUND

On August 22, 2014, Plaintiff filed for disability and disability insurance benefits and supplemental security income, alleging disability beginning on September 17, 2013. Tr. 13. Plaintiff's claim was denied initially and upon reconsideration. *Id.* At Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on June 5, 2017. *Id.* On October 10, 2017, the ALJ issued a decision finding Plaintiff not disabled. Tr. 28. On October 12, 2018, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 4. This action followed.

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011).

> The five-steps are: (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25; *see also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 17, 2013. Tr. 15.

The ALJ determined Plaintiff had the following severe impairments: obesity; degenerative disc disease, status post microdiscectomy; post-laminectomy syndrome; chronic pain syndrome; cubital tunnel syndrome; diabetes; depression; and substance addition disorder. *Id.* The ALJ found that Plaintiff's impairments did not meet or equal a listed impairment. Tr. 16.

The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform light work with the following additional restrictions: he can lift and carry 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk for a total of six hours in an eight-hour day; he can sit for a total of six hours in an eight-hour day; he can push and pull as much as he can lift and carry; he can frequently kneel, crouch, and crawl; he can occasionally climb and stoop; he can frequently handle or finger bilaterally; he can have no exposure to unprotected heights or moving mechanical parts; he cannot operate a motor vehicle; and he can have frequent interaction with coworkers and the public. Tr. 17.

The ALJ determined that Plaintiff was unable to perform his past relevant work. Tr. 26. At step five of the sequential analysis, the ALJ determined that Plaintiff was able to perform work as a price marker or small parts assembler. Tr. 27. Accordingly, the ALJ determined Plaintiff was not disabled. Tr. 28.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that

supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

When the evidence before the ALJ is subject to more than one rational interpretation, courts must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, cannot affirm the Commissioner's decision on a ground that the agency did not invoke in making its decision. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

Plaintiff contends that the ALJ erred by discounting the opinion of treating physician Fred Williams, M.D. The ALJ is responsible for resolving conflicts in the medical record. *Carmickle v. Colvin*, 533 F.3d 1155, 1164 (9th Cir. 2008). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant[.]" *Turner v. Comm'r*, 613 F.3d 1217, 1222 (9th Cir. 2010) (internal quotation marks and citation omitted). An ALJ may reject the uncontradicted medical opinion of a treating or examining physician only for "clear and convincing" reasons supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ may reject the contradicted opinion of a treating or examining doctor by providing "specific and legitimate reasons that are supported by substantial evidence." *Id.*

On December 20, 2013, Dr. Williams submitted a disability statement as part of

Plaintiff's workers compensation assessment. Tr. 593-95. In his cover letter, Dr. Williams

summarized his findings:

> [Plaintiff] is unable to carry out his job as a bus mechanic for the following
> reasons: unable to bend, unable to lift more than 10lbs; and he has difficulty
> maintaining the standing position. Pl ease consider him disabled until his next
> appointment on 01/22/13.

Tr. 593.[2]

On January 16, 2014, Dr. Williams completed a form in connection with Plaintiff's

workers compensation claim. Tr. 594-95. In that form, Dr. Williams reported that Plaintiff's x-

rays showed "no instability" and approved Plaintiff for a light duty assignment. Tr. 594. The

light duty assignment involved occasionally lifting, carrying, pushing, and pulling 1-5 pounds;

occasional reaching above shoulder and operating foot controls; intermittent bending, crouching,

kneeling, and climbing stairs; no twisting, crawling, walking on uneven surfaces, or climbing

ladders; frequent use of arms, wrists, and hands; no exposure to cold or dust; and sitting,

standing, and walking "as tolerated." Tr. 595.

The ALJ gave "some weight" to Dr. William's opinion "in that the claimant's

impairments do result in some limitations in bending and standing," but noted that "the record

does not contain objective evidence that would support a complete preclusion against bending, as

subsequent records show good flexion and that the claimant was almost able to touch his toes."

Tr. 24. "In addition, a lifting limitation of 10 pounds is not supported by the record, which

documents intact upper extremity strength and no focal neurological defects." *Id.*

---

[2] The Court concludes that the that the date given for the follow-up appointment was meant to be "01/22/14" and that the 2013 date was simply a typographical error.

With respect to the limitation on bending, the record does show that Plaintiff exhibited a normal range of motion in September 2014. Tr. 624, 629. Plaintiff also demonstrated normal range of motion in April 2015 and again in November 2015. Tr. 853, 1062. In 2016, Plaintiff's treatment notes for his back indicate "flexion good, can almost touch toes, able to do squat." Tr. 1288.

With respect to the limitations to lifting assessed by Dr. Williams, the ALJ correctly noted that the record shows normal strength. Tr. 629 (September 2014, "Normal strength,"); 906 (September 2014 "Strength 5/5, reflexes 2+, sensation intact,"); 1021 (March 2015 "Normal sensory function, No focal deficits noted,"); 1288 (August 2016 "5+ UE and LE strength,"); 1358 (March 2016 "Grossly normal strength and function of all extremities,"); 1379 (June 2015, finding same). On this record, the ALJ's decision to discount Dr. William's opinion concerning Plaintiff's limitations as to bending and lifting are supported by substantial evidence.

Finally, Plaintiff contends that the ALJ erred by failing to account for or dismiss Dr. William's opinion that Plaintiff would have difficulty maintaining a standing position. As previously noted, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into a concrete functional limitation in the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174-75 (9th Cir. 2008). Equivocal statements that are neither diagnoses nor statements of functional capacity need not be included in the RFC. *Valentine v. Comm'r*, 574 F.3d 685, 691-92 (9th Cir. 2009). In similar circumstances, Judge Hernandez found that a doctor's statement that the claimant "may have difficulty completing work without interference from her mental impairments or performing work activities on a consistent basis without additional instructions do not represent work related limitations of function that need to be reflected in the RFC." *Griffith v. Colvin*, No. 3:13-cv-00585-HZ, 2014 WL 1303102, at *5 n.3

(D. Or. Mar. 30, 2014) (internal quotation marks and citation omitted, alterations normalized). The Court concludes that Dr. William's statement that Plaintiff would have difficulty maintaining the standing position is similarly not a work-related limitation of a function that needs to be reflected in the RFC.[3] The ALJ did not err by failing to include that limitation.

**CONCLUSION**

Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is AFFIRMED and this case is DISMISSED. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this _____ 8th _____ day of January 2021.

MARK CLARKE
United States Magistrate Judge

---

[3] Of note, Dr. William's opinion concerned only a limited period by its own terms, running only until Plaintiff's follow-up appointment in January 2014. Tr. 593. An ALJ may discount medical opinions concerning temporary limitations. *Carmickle v. Colvin*, 533 F.3d 1155, 1165 (9th Cir. 2008).